JOHN GRESCHNER
_____
Name
V-12545
_____
Prison Number
CSATF/SP, D-1-130-U
_____
~~P.O. BOX 5242~~
~~CORCORAN, CA. 93212~~
_____
Address or Place of Confinement

FILED

MAR 16 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court
## EASTERN DISTRICT OF CALIFORNIA

JOHN GRESCHNER
_____
Full Name (First, Middle, Last)

Petitioner,

vs.

UNITED STATES PAROLE COMMISSION;
FEDERAL BUREAU OF PRISONS; KEN CLARK, WARDEN
_____
Name of Warden                   CSATF/SP.
(or other authorized person having custody of petitioner)

Respondent.

CASE NO.  1:  06 CV 00295 AWI TAG HC
_____
(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1._____  a conviction
2._____  a sentence
3._____  jail or prison conditions
4._____  prison discipline
5._xxx___  a parole problem
6._____  other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

# PETITION

I AM A FEDERAL PRISONER HOUSED IN THE CDCR BY WAY OF
(1) Place of detention: WICCA CONTRACT BETWEEN FED. BOP AND CDCR; I AM CONFINED IN THE CDCR FACILITY AT CORCORAN, CA. (CSATF/SP).

(2) Name and location of court which imposed sentence:
U.S. DISTRICT COURT FOR THE DISTRICT OF KANSAS--TOPEKA.

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
MURDER AND CONSPIRACY TO COMMIT MURDER, INDICTMENT #84-30005-01.

(4) The date the sentence was imposed and the terms of the sentence:
ON OR ABOUT JUNE 30, 1984; LIFE PLUS LIFE, CONSECUTIVE TO EACH OTHER, AND CONSECUTIVE TO THE STATE OF MINNESOTA SENTENCES OF 38 YRS I WAS SERVING.

(5) What was your plea (check one):    Not guilty (XX)    Guilty ( )    Nolo contendere ( )

(6) Kind of trial (check one):    Jury (XX)    Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes (XX)    No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL: 10TH CIR. COURT OF APPEALS
Name of court:
Grounds raised (list each):
1) MANY GROUNDS, BUT NOT APPLICABLE HERE.
2) I AM NOT CHALLENGING MY CONVICTION OR SENTENCE IN THIS APPLICATION FOR HABEAS CORPUS RELIEF, THIS CONCERNS PAROLE
Result/Date of result: PROCEDURAL MATTERS THAT DENIED PAROLE.

SECOND APPEAL: N/A
Name of court:
Grounds raised (list each):
1)
2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ **GROUND ONE** GROUND ONE: I WAS DENIED MY RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF THE LAW GUARANTEED UNDER THE UNITED STATES CONSTITUTION, AMENDMENT 5, WHEN I WAS DENIED MY RIGHT TO PRESENT EVIDENCE TO THE PAROLE HEARING COMMISSIONER IN SUPPORT OF MY PAROLE, PURSUANT TO THE UNITED STATES PAROLE COMMISSIONS PROCEDURAL RULES AND GUIDELINES PURSUANT TO 28 C.F.R. 2.1-2.107;2.200-

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law). 2.220 ET. SEQ. WHICH RESULTED IN THE ARBITRARY AND CAPRICIOUS DENIAL OF PAROLE, AND CONSIDERATION FOR SAME. **CAUTION:** You must state *facts, not conclusions*, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place. IN 1968 I WAS SENTENCED TO 20 YRS IN THE STATE OF MINNESOTA PRISON SYSTEM (STATE CUSTODY); I WAS TRANSFERED TO THE FEDERAL BUREAU OF PRISONS FOR SERVICE OF MY AFORESTATED STATE SENTENCE IN 1976 UNDER A INTERSTATE CONTRACTUAL AGREEMENT BETWEEN THE STATE OF MINNESOTA AND THE FEDERAL BOP. IN 1984 I WAS CONVICTED AND SENTENCED TO LIFE PLUS LIFE FOR THE AFORESTATED FEDERAL CONVICTIONS WHICH AROSE IN THE FEDERAL PRISON LEAVENWORTH, KANSAS; SAID FEDERAL SENTENCES WERE CONSECUTIVE TO THE STATE OF MINNESOTA SENTENCES I WAS SERVING. I DISCHARGED THE MINN. STATE SENTENCES (SEE: ATTACHED PAGE 3-A-B-C).

→ **GROUND TWO**

GROUND TWO: I WAS DENIED MY RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION AMENDMENT 5, AND PURSUANT

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law). TO THE UNITED STATES PAROLE COMMISSIONS PROCEDURAL RULES AND GUIDELINES, 28 C.F.R. 2.1-2.107; 2.200-2.220 ET SEQ. WHEN I WAS DENIED CREDIT FOR TIME SERVED WHILE SERVING MY MINNESOTA STATE PRISON TERM IN FEDERAL PRISON CUSTODY PURSUANT TO THE INTERSTATE CORRECTIONS COMPACT (CONTRACT) BETWEEN THE FEDERAL BUREAU OF PRISONS AND THE STATE OF MINNESOTA, AND DURING WHICH PERIOD I RECEIVED DISCIPLINARY INCIDENT REPORTS FOR ASSAULTIVE BEHAVIORS ON OTHER INMATES AND PRISON STAFF; THESE DISCIPLINARY REPORTS, IF USED BY THE UNITED STATES PAROLE COMMISSION TO EXTEND MY PERIOD OF CONFINEMENT (I.E. DENY PAROLE) I AM TO BE GIVEN CREDIT FOR THE TIME PERIOD DURING WHICH THESE (SEE: ATTACHED PAGES 3-C-D).

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal? NOT TO PRISON OFFICIALS, BUT I DID TO THE US PAROLE COMMISSION, AS A APPEAL. (SEE: ATTACHED EXHIBIT #1).

Yes (xx)    No ( )    If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL    Level of appeal: THE PAROLE APPEAL ONLY HAS ONE LEVEL.
Grounds raised (list each):
   1) GROUNDS LISTED IN PAGE 3-(B), PARAGRAPHS 1-5. (SEE: PAGE
   2) 3-(B) OF THIS PETITION; PARAS. 1-5).
Result/Date of result: _____

SECOND ADMINISTRATIVE APPEAL    Level of appeal: N/A
Grounds raised (list each):
   1) _____
   2) _____
Result/Date of result _____

---

<u>GROUND ONE CONTINUED:</u>

IN JUNE OF 1995, WHILE HOUSED IN THE FEDERAL PRISON IN FLORENCE, COLORADO. I THEN BEGAN SERVING THE TWO LIFE SENTENCES IMPOSED IN JUNE, 1984. THESE TWO FEDERAL LIFE SENTENCES WERE PRE-SENTENCING GUIDELINES (HENCE: "OLD LAW"), AND WERE GOVERNED BY THE OLD FEDERAL LAWS, AND PAROLE COMMISSIONS GUIDELINES.

THE TWO FEDERAL LIFE SENTENCES WERE CONSECUTIVE, BUT WERE "AGGREGATED" AND HENCE, I WAS ELIGIBLE FOR PAROLE ON BOTH SENTENCES AFTER SERVING 10 YRS, WHICH WAS JUNE, OF 2005.

IN JULY OF 2005 (ONE MONTH LATE), I WAS GIVEN MY INITIAL FEDERAL PAROLE HEARING TO DETERMINE IF I SHOULD BE PAROLED OR NOT. THERE WAS ONE PAROLE HEARING COMMISSIONER ON HAND, MR. HARRY DWYER, WHO ACTUALLY CONDUCTED THE PAROLE SUITABILITY HEARING, BESIDES THIS PETITIONER, AND THIS PETITIONERS COMMUNITY/LEGAL REPRESENTATATIVE, THIS PETITIONERS WIFE, MRS. ROXANNE GRESCHNER.

THE PAROLE COMMISSIONER, MR. DWYER, DURING THE PAROLE SUITABILITY HEARING, DENIED ME MY RIGHT, UNDER THE PAROLE COMMISSIONS GOVERNING GUIDELINES, TO PRESENT EVIDENCE IN SUPPORT OF MY PAROLE, BECAUSE THE EVIDENCE/INFORMATIONS WERE SUPPLIED BY THIS PETITIONER PERSONALLY, AND NOT SOME OUTSIDE PERSON OR AGENCY.

THIS DENIAL (AFORESTATED) WAS IN VIOLATION OF THIS PETITIONERS RIGHTS UNDER THE MANDATED RULES AND REGULATIONS GOVERNING THE UNITED STATES PAROLE COMMISSIONS PAROLE HEARINGS AND GUIDELINES THEREOF; THIS PETITIONER ADVISED THE HEARING OFFICER THAT I WAS TO BE ALLOWED TO ENTER THE EVIDENCE/INFORMATIONS INTO THE RECORD TO BE CONSIDERED IN SUPPORT OF MY PAROLE, AND THE HEARING OFFICER STATED THAT THIS PETITIONER COULD NOT OFFER EVIDENCE OR INFORMATIONS HIMSELF, THAT THE HEARING OFFICER COULD **NOT** CONSIDER EVIDENCES AND INFORMATIONS SUPPLIED DIRECTLY FROM THIS PAROLE CANDIDATE. THIS IS CONTRARY TO, AND IN DIRECT VIOLATION OF THE U.S. PAROLE GUIDELINES RULES REGARDING SAME:

28 C.F.R. § 2.19 <u>INFORMATION CONSIDERED.</u>

(A) IN MAKING A PAROLE/REPAROLE DETERMINATION THE COMMISSION **SHALL CONSIDER**, IF AVAILABLE AND RELEVANT:

(B)(1):"THERE **SHALL ALSO BE TAKEN INTO CONSIDERATION** SUCH ADDITIONAL RELEVANT INFORMATION CONCERNING THE PRISONER ('**INCLUDING INFORMATION SUBMITTED BY THE PRISONER**')AS MAY BE REASONABLY AVAILABLE (18 USC 4207). THE COMMISSION ENCOURAGES THE SUBMISSION OF RELEVANT INFORMATION CONCERNING A ELIGIBLE PRISONER BY INTERESTED PERSONS".

THIS PETITIONER WAS DENIED HIS RIGHT UNDER DUE PROCESS OF THE LAW, BOTH SUBSTANTIVE AND PROCEDURAL, TO THE UNITED STATES CONSTITUTION AND THE CODE OF FEDERAL REGULATIONS, TITLE 28, TO SUBMIT THE INFORMATIONS IN SUPPORT OF HIS SUITABILITY FOR PAROLE, WHICH DEPRIVED PETITIONER OF HIS RIGHTS DURING THE COMMISSION HEARING FOR PAROLE ITSELF.

PETITIONER IS A "OLD LAW" SENTENCE PRISONER, AND IS ELIGIBLE FOR PAROLE AFTER SERVING 10-YEARS OF HIS SENTENCE. (SEE: TITLE 28 C.F.R. § 2.2 **ELIGIBILITY FOR PAROLE: ADULT SENTENCES.:**

(A):A FEDERAL PRISONER ...MAY BE RELEASED ON PAROLE
AFTER COMPLETION OF TEN YEARS OF A LIFE SENTENCE...".
(PG. 9, PAROLE COMMISSION GUIDELINES).

THE INFORMATIONS THAT THIS PETITIONER WAS DENIED THE RIGHT TO SUBMIT IN

GROUND ONE CONTINUED:

SUPPORT OF HIS SUITABILITY FOR PAROLE, WERE AS FOLLOWS:

1. PETITIONER'S SUBSTANTIAL ASSISTANCE TO LAW ENFORCEMENT IN THE INVESTIGATIONS OF CRIMES;

2. PETITIONERS SUBSTANTIAL ASSISTANCE TO THE UNITED STATES ATTORNEYS OFFICE, DISTRICT OF KANSAS, IN THE PROSECUTION OF A FEDERAL NARCOTIC OFFENSE;

3. PETITIONER'S EXPOSURE OF, AND WARNING TO, INVESTIGATORS OF THE FEDERAL BUREAU OF PRISONS, OF A PLAN TO ESCAPE FROM A FEDERAL FACILITY, BY THE TAKING OF FEDERAL BUREAU OF PRISON OFFICER(S) HOSTAGE; THIS EXPOSURE STOPPED THE PLAN FROM GOING AHEAD;

4. PETITIONER'S WARNING OF A THREAT TO KILL A FEMALE MEMBER OF THE FEDERAL BUREAU OF PRISONS FACILITY IN SPRINGFIELD, MISSOURI; PETITIONER'S WARNING STOPPED THE THREAT FROM GOING FORWARD;

5. PETITIONER'S WARNING TO THE NATIONAL SECURITY ADVISOR DR. C. RICE, AND THE PRESIDENT OF THE UNITED STATES G.W.BUSH JR., OF THE THEFTS OF CLASSIFIED NATIONAL SECURITY DOCUMENTS; TERRORIST THREATS; AND OTHER NATIONAL SECURITY RELATED SUBJECTS, WHICH ASSISTED THE FEDERAL GOVERNMENT, AND VIA THE FEDERAL GOVERNMENT, VARIOUS FOREIGN NATIONAL GOVERNMENTS, IN THE PROTECTION OF CITIZENS; AGENTS; AND CLASSIFIED INFORMATIONS;

PETITIONER WAS DENIED HIS RIGHT TO INTRODUCE THESE INFORMATIONS FOR CONSIDERATION IN SUPPORT OF HIS PAROLE, THE PAROLE HEARING OFFICER, MR. DWYER, STATED THAT HE COULD NOT CONSIDER INFORMATION SUBMITTED DIRECTLY FROM THE PETITIONER, THAT HE COULD ONLY CONSIDER INFORMATIONS THAT'RE SUBMITTED BY OTHER'S, INCLUDING INFORMATION FROM PETITIONER'S RECORDS.

THIS DENIAL BY PAROLE HEARING OFFICER DENIED PETITIONER HIS RIGHT UNDER THE LAW, UNITED STATES CONSTITUTION AMENDMENT 5, TO DUE PROCESS OF THE LAW, AND THE DUE PROCESS PROTECTIONS PURSUANT TO 28 C.F.R.§ 2.19 (A)(B)(1) **INFORMATION CONSIDERED**, TO SUBMIT RELEVANT INFORMATIONS ON BEHALF OF HIS PAROLE SUITABILITY.

THE INFORMATIONS THAT THIS PETITIONER HAD ATTEMPTED TO SUBMIT IN HIS BEHALF TO SUPPORT HIS PAROLE, WERE RELEVANT TO THE ISSUE, AND IN FACT SAID **INFORMATIONS**, ACCORDING TO THE UNITED STATES PAROLE COMMISSIONS GUIDELINES, ARE SPECIFICALLY MENTIONED AS REASONS TO REWARD THE PAROLE CANDIDATE WITH A HIGHTENED CONSIDERATION FOR PAROLE.

TITLE 28 C.F.R. § 2.62(A)(1)(2)(3)(4)(B).

REWARDING ASSISTANCE IN THE PROSECUTION

OF OTHER OFFENDERS; CRITERIA AND GUIDELINES.

(A) THE COMMISSION MAY CONSIDER AS A FACTOR IN THE PAROLE RELEASE DECISION-MAKING A PRISONERS ASSISTANCE TO LAW ENFORCEMENT AUTHORITIES IN THE PROSECUTION OF OTHER OFFENDERS;

(1) THE ASSISTANCE MUST HAVE BEEN AN IMPORTANT FACTOR IN THE INVESTIGATION AND/OR PROSECUTION OF AN OFFENDER OTHER THAN THE PRISONER. OTHER SIGNIFICANT ASSISTANCE (E.G. PROVIDING INFORMATION CRITICAL TO PRISON SECURITY) MAY ALSO BE CONSIDERED;

## GROUND ONE CONTINUED:

(4) THE ASSISTANCE MUST NOT HAVE BEEN ADEQUATELY REWARDED BY OTHER OFFICIAL ACTION.

THIS PETITIONER HAD NOT RECEIVED ANY REWARDS FOR HIS AFORESTATED ASSISTANCES TO LAW ENFORCEMENT, PROSECUTORIAL AGENCIES, AND INSURE THE INTEGRITY OF PRISON SECURITY.

PETITIONER WAS DENIED THE OPPORTUNITY TO BRING FORTH SAID INFORMATIONS IN SUPPORT OF HIS PAROLE SUITABILITY AND CONSIDERATION, AND FOR REWARDING HIS ASSISTANCES, AND THEREFORE WAS DENIED THE DUE PROCESS OF THE LAW GUARANTEED TO HIM UNDER THE UNITED STATES CONSTITUTION AMENDMENT 5 DUE PROCESS OF LAW, AND TITLE 28 C.F.R. §2.19 (A)(B)(1); § 2.62 (A)(1)(2)(3)(4)(B), INFORMATION TO BE CONSIDERED, AND REWARDING ASSISTANCE, RESPECTIVELY, AND THIS DENIAL DENIED PETITIONER HIS RIGHT TO A PAROLE DATE, OR RECONSIDERATION DATE, BASED ON SAID INFORMATIONS AND ASSISTANCES, AND THEREFORE, SERVED TO PREJUDICE PETITIONER BY EXTENDING PETITIONERS PERIOD OF CONFINEMENT IN VIOLATION OF PETITIONER'S RIGHTS TO DUE PROCESS UNDER THE LAW. AS A RESULT OF SAID DENIAL TO SUBMIT INFORMATIONS IN SUPPORT OF HIS APPLICATION FOR PAROLE, IN VIOLATION OF PETITIONER'S RIGHTS UNDER DUE PROCESS OF LAW, PETITIONER RECEIVED A EXTENDED DATE FOR PAROLE RECONSIDERATION OF 15 YEARS. (SEE: ATTACHED EXHIBIT # 2).

~~GROUND TWO CONTINUED:~~

## GROUND TWO CONTINUED:

DISCIPLINARY REPORTS GOVERN, AND, THEY ALSO PROCEDURALLY DICTATE, PURSUANT TO THE U.S. PAROLE COMMISSIONS GUIDELINES AND RULES, EXACTLY HOW MUCH OF A CONTINUANCE I AM TO RECEIVE IN PRISON (I.E. EXTENSION OF INCARCERATION AND DENIAL OF PAROLE FOR EACH DISCIPLINARY REPORT).

I WAS DENIED THE SUBSTANTIVE AND PROCEDURAL DUE PROCESS IN REGARDS TO THE AFORESTATED DISCIPLINARY REPORTS AND THEIR AFFECT UPON MY PAROLE DATE, AND THIS ALSO CONSTITUTED A ARBITRARY AND CAPRICIOUS APPLICATION OF THE MANDATED UNITED STATES PAROLE COMMISSIONS GUIDELINES AND RULES WHICH GOVERN THE PAROLE HEARINGS AND PROCEDURES THEREOF, INCLUDING THE SETTING OF PAROLE DATES.

I WAS DENIED PAROLE AND GIVEN A 15 YEAR RECONSIDERATION DATE BASED ON THE DISCIPLINARY REPORTS, WHICH WERE CITED BY THE UNITED STATES PAROLE HEARING COMMISSIONER (SEE: ATTACHED EXHIBIT # 2, HIGHLIGHTED SECTIONS), WHEREIN THE COMMISSIONER STATES:
"...YOU HAVE ENGAGED IN ASSAULTIVE BEHAVIOR, WHICH HAS NOT RESULTED IN CONVICTIONS BUT HAVE BEEN FOUND BY THE DHO DURING THE SERVICE OF YOUR STATE SENTENCE IN FEDERAL CUSTODY AND YOUR ASSAULTIVE BEHAVIOR HAS BEEN DIRECTED AGAINST BOTH FEDERAL PRISONERS AND STAFF"; ALSO "...YOU ASSAULTED A PTOTECTIVE PERSON WHILE IN FEDERAL CUSTODY."

ADDITIONALLY, THE PAROLE COMMISSIONER DID NOT DISTINGUISH BETWEEN THE ASSERTED ASSAULTIVE BEHAVIORS DURING THE SERVICE OF THE STATE SENTENCE IN FEDERAL CUSTODY, OR FEDERAL SENTENCES WHILE IN FEDERAL CUSTODY.

THIS PETITIONER WAS ELIGIBLE FOR PAROLE IN JULY, 2005, AFTER SERVING

## GROUND TWO CONTINUED:

10-YEARS. ANY EXTENSION BEYOND THAT 10 YEAR PERIOD, AND THE REASONS WHY, ARE PROCEDURALLY GOVERNED BY THE UNITED STATES PAROLE COMMISSIONS GUIDELINES AND RULES (**SUPRA**). THIS APPLICABLE SECTION OF THE GUIDELINES IS **28 CFR § 2.36 (A) RECISSION GUIDELINES**, WHICH STATE IN RELEVANT PART:

(A)"THE FOLLOWING GUIDELINES SHALL APPLY TO THE SANCTIONING OF DIS-CIPLINARY INFRACTIONS...DURING ANY PERIOD OF CONFINEMENT (WHETHER BEFORE OR AFTER SENTENCE IS IMPOSED)"; (FURTHER ALONG):"THESE GUIDELINES SPECIFY THE CUSTOMARY TIME TO BE SERVED FOR SUCH BEHAVIOR WHICH SHALL BE ADDED TO THE TIME REQUIRED BY THE ORIGINAL PRESUMPTIVE OR EFFECTIVE DATE (I.E. OF PAROLE)".

PETITIONER'S ALLEGED ACTS OF VIOLENCE, ARE BOTH MINOR AND SERIOUS; AND THESE DIFFERENCES IN SEVERITY, ARE DEALT WITH DIFFERENTLY IN THE SANCTIONS THAT ARE APPLIED (I.E. EXTENDING THE PERIOD OF INCARCERATION, AND DENYING PAROLE). THE PAROLE COMMISSIONER NEVER DISTINGUISHED BETWEEN THESE DIFFERENCES AND SIMPLY GAVE PETITIONER A 15-YEAR PAROLE RECONSIDERATION DATE.

THIS DENIED PETITIONER HIS GUARANTEED RIGHTS UNDER THE UNITED STATES CONSTITUTION AMENDMENT 5, TO DUE PROCESS OF THE LAW, AND TO THE DUE PROCESS OF THE LAW GUARANTEED UNDER THE UNITED STATES PAROLE COMMISSIONS GUIDELINES AND RULES, **28 CFR 2.1 ET SEQ.** AND DENIED PETITIONER HIS LIBERTY INTEREST DUE TO THE MANDATORY LANGUAGES OF **"SHALL"**, IN THE CONSTITUTION AND THE GUIDELINES AND RULES.

### WHEREFORE,

PETITIONER REQUESTES THAT THIS HONORABLE GRANT HIS APPLICATION FOR WRIT OF HABEAS CORPUS RELIEF, AND ORDERS A UNITED STATES PAROLE COMMISSION REHEARING IN PETITIONERS CASE, IN ACCORD WITH ALL THE DUE PROCESS PROTECT-IONS DUE DURING SAID HEARING, BASED ON THE UNITED STATES CONSTITUTION, AND THE UNITED STATES PAROLE COMMISSIONS GUIDELINES AND RULES.

RESPECTFULLY SUBMITTED---

JOHN GRESCHNER
PETITIONER-PRO SE
#V-12545
CSATF/SP
D-1-130-U
P.O. BOX 5242
CORCORAN, CA.
93212

C.C. FILE.

                                                        N/A

<u>THIRD ADMINISTRATIVE APPEAL</u>      Level of appeal:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result:_____

                                                      N/A

<u>FOURTH ADMINISTRATIVE APPEAL</u>    Level of appeal:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result:_____

(11)    Is the grievance process completed?    Yes ( x )    No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under <u>28 U.S.C. § 2241</u> or <u>28 U.S.C. § 2255</u>, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( )    No ( X )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

<u>FIRST PREVIOUS PETITION</u>    N/A
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result:_____

<u>SECOND PREVIOUS PETITION</u>    N/A
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result:_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

_____N/A_____
_____
_____
_____

(15) Are you presently represented by counsel?

Yes ( )        No (xx)

If so, provide your attorney's name, address, and telephone number:

_____N/A_____

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )        No (XX)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

---

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.  PETITIONER REQUESTS THE FOLLOWING RELIEF:
1. ORDER A NEW PAROLE HEARING WHEREAT PETITIONER CAN SUBMIT ALL RELEVANT INFORMATIONS IN SUPPORT OF HIS PAROLE CONSIDERATION; 2. DECLARE PETITIONERS
I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  RIGHTS;
3. ORDER A NEW PAROLE HEARING WITH ALL DUE PROCESS RIGHTS ACCORDED THEREIN.

MARCH 10, 2006.                           [signature]
_____                   _____
(Date)                                    (Signature of Petitioner)

        N/A
_____
(Signature of Attorney, if any)

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, Maryland 20815-7201 | **Notice of Action on Appeal** |

| | | | |
|---|---|---|---|
| Name: Greschner, John | | Institution: | Sacramento CCM |
| Register Number: 02550-135 | | Date: | October 31, 2005 |

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

### REASONS:

In response to your claim that you have not been given proper credit for time in custody, your claim is without merit. Although you have been in continuous custody since 1968 (except for your time in escape), you only began service on your federal life sentences in 1995.

The specific mitigating circumstances you propose as a reason for a more lenient decision have been considered but are not seen as reason for a different decision in your case. You contend that you have not engaged in violence for over 21 years. Given that you have been incarcerated for that period of time in a controlled environment, the Commission cannot conclude that your risk to the public has significantly decreased. The Commission has determined, and the Board concurs, that continued incarceration is warranted in your case prior to the setting of a release date.

In regard to your contention that your conviction for murder should have been manslaughter, this is not an issue for the Parole Commission. You are not permitted to collaterally attack your conviction during a parole proceeding. The Commission is required to consider your offense of conviction in making a release determination in your case.

In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary. You claim that the hearing examiner failed to consider the information supporting your release on parole. The Commission noted the positive factors in your case in that you have refrained from engaging in Disciplinary Hearing Officer (DHO) level incident reports since 1995. However, any mitigating factors must be weighed against your lengthy criminal history of assaultive and violent behavior. The Board finds no reason for a different decision in your case at this time.

In response to your claim that the decision was based on erroneous information, the evidence you have presented does not persuade the Commission that the information it has relied upon is inaccurate. You indicate that you were not involved in shooting another person and that you did not light anyone on fire. Contrary to your denials, your presentence report indicates that you did participate in these violent assaults. The Commission is required to consider presentence investigation reports when making release determinations. See 18 U.S.C. Sec. 4207(3).

All decisions by the National Appeals Board on appeal are final.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: GRESCHNER, John                              Institution: Sacramento CCM

Register Number: 02550-135                         Date:   August 4, 2005

---

As a result of the hearing conducted on July 26, 2005, the following action was ordered:

Continue to a 15-Year Reconsideration Hearing in July 2020.

**REASONS**:

Your offense behavior has been rated as Category Eight severity because it involved Murder. Your salient factor score is 1. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. You have been in federal confinement as a result of your behavior for a total of 121 months as of July 30, 2005. Guidelines established by the Commission for the above offense behavior indicate a range of 180+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information, a decision more than 48 months above the minimum guidelines is warranted because you have an ongoing serious record of assaultive behavior dating back to age 16. Your assaultive behavior includes the shooting and hospitalization for 25 days of a victim in September of 1968 during a robbery, two persons was shot and wounded during a robbery in October 1968, you attempted to abduct a protective person during an escape attempt in April of 1970, you held a protective person captive at knifepoint in October of 1972, you doused another inmate with a inflammable substance and ignited his body with a match in February of 1975 and you assaulted a protective person while in federal custody. In addition, you have engaged in assaultive behavior, which has not resulted in convictions but have been found by the DHO during the service of your state sentence in federal custody and your assaultive behavior has been directed against both federal prisons and staff.

In addition, you have also been scheduled for a statutory interim hearing during July 2007.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    U.S. Probation Office
       District of Kansas
       U.S. Courthouse & Federal Building
       500 State Avenue, Room M35
       Kansas City, KS 66101-2431

---

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 1 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |