1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8    JOHN GRESCHNER,                            )    1:06-cv-00295-LJO-TAG HC
                                                )
9              Petitioner,                      )    ORDER REQUIRING RESPONDENT TO
                                                )    SUBMIT ANSWER ADDRESSING MERITS
10       v.                                     )    OF PETITION
                                                )
11   U. S. PAROLE COMMISSION, et al.,           )    ORDER REQUIRING RESPONDENT TO
                                                )    SUBMIT NOTICE OF APPEARANCE
12             Respondents.                     )
                                                )    ORDER DIRECTING CLERK OF COURT
13   _____        )    TO SERVE DOCUMENTS

14

15         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2241.

17         Writ of habeas corpus relief extends to a person in custody under the authority of the United

18   States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or

19   constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

20   § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

21   bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso,

22   135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994);

23   Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d

24   889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d476, 478-79 (3rd Cir. 1991); United States

25   v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th

26   Cir. 1990). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file

27   the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

     ///

28

1    In this case, Petitioner raises two grounds for relief: (1) denial of federal due process because

2  Petitioner was denied the opportunity to present evidence supporting him in his parole hearing; and

3  (2) denial of federal due process by the Bureau of Prisons in denying him credit for time served on a

4  Minnesota state sentence served while in federal custody.  (Doc. 1, p. 3).  Petitioner is challenging

5  the execution of his sentence rather than the imposition of that sentence.  Thus, his petition is proper

6  under 28 U.S.C. § 2241.  In addition, because Petitioner is currently incarcerated at the California

7  Department of Corrections and Rehabilitation facility in Corcoran, California, pursuant to an

8  agreement with the Bureau of Prisons, which facility is within the Eastern District of California, this

9  Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770,

10  772 (9th Cir.1984).

11                                          **ORDER**

12    Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court

13  HEREBY ORDERS:

14    1.    Respondent SHALL FILE an ANSWER addressing the merits of the Petition within

15          **SIXTY (60)** days of the date of service of this order. Respondent shall include with

16          the response any and all transcripts or other documents relevant to the resolution of

17          the issues presented in the petition, including copies of appeals taken by a prisoner

18          within the prison and before the Bureau of Prisons.[2]  Rule 5 of the Rules Governing

19          Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government

20

21

22

23    [1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those

24  brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2)
provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."

25  Fed. R. Civ. P 81(a)(2).

26    [2]In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized

27  printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout.
To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means
(Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in

28  the case.  This includes any *internal* prison policies of which a prisoner complains and is subject to.

1   and/or the Institution[3] may wish to respond on separate issues raised in the Petition.

2   However, the Court will accept only one (1) "Answer."  Such Answer SHALL

3   CONTAIN all argument with respect to all of the issues raised in the Petition,

4   whether formulated by Counsel for the Government or the Institution.

5       2.    Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the

6           date of service of this Order.  The Notice SHALL indicate the name of the

7           individual(s) who will be representing the Government and/or the Institution.  The

8           Notice is necessary to ensure that the appropriate counsel for Respondent is being

9           served by the Court.  The submission of the Notice of Appearance will terminate

10          Court service on those listed in paragraph 4.

11      3.    Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the

12          date Respondent's Answer is filed.

13      4.    The Clerk of the Court SHALL serve a copy of this Order along with a copy of the

14          Petition and all exhibits on the Office of the United States Attorney for the Eastern

15          District of California, an agent for the appropriate Correctional Institution if

16          applicable, and the United States Bureau of Prisons.

17      All motions shall be submitted on the record and briefs filed without oral argument unless

18  otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

19  applicable to this order.

20

21  IT IS SO ORDERED.

22  Dated:   **December 7, 2007**                    **/s/ Theresa A. Goldner**
                                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27       [3]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional

28   Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).