# EXHIBIT 1

## HEARING SUMMARY

**Name:** Greschner, John
**State No: CDC V12545**

**Reg No: 02550-135**

### Hearing Parameters

Hearing Format ............................: **In Person**
Hearing Type ...............................: **Initial**
Hearing Date ...............................: 7/26/05
Examiner .....................................: Harry Dwyer, Jr.
Institution .....................................: California Department of Corrections, Corcoran State Prison Substance Abuse and Treatment Facility, Corcoran, CA

### Sentence Parameters

Sentence Type ..............................: **Federal**
MR/Statutory Release ...................: 6/29/2055
Full Term Date .............................: Life
Months in Custody .......................: 121 as of 7/30/05
Fines/Restitution/Assessment .......: N/A
Detainer ........................................: None

**Additional text regarding the above parameters:** None

### Prior Action & Institutional Factors

**Prior Action:** N/A.

**Codefendants:** Ronnie Jo Criswell – the codefendant was serving a Georgia State sentence in federal custody and apparently received the same life sentence as subject for his involvement in the same offense

**Representative & Representative's Statement:** The subject was represented by his wife, Roxanne Greschner of Corcoran, CA. Ms. Greschner inquired as to whether or not the statement that she and her husband Authored (in support of the parole of John Greschner) and Ms. Greschner was advised that the statement is in the file and that this examiner had read her statement. Ms. Greschner would like subject to come home in that 37 years is long enough for someone to serve time. She has a Master's Degree in Psychology and they would like to adopt a baby and she and subject would like to help in understanding the world. It is quite obvious that Ms. Greschner is extremely supportive of her husband and she indicates additional material will be sent to the Commission in support of her husband.

**Prisoner's Statement:** The subject readily admits that the victim in the instant offense, Richard Frank Andreason had been gambling and owed a gambling debt, which he refused to satisfy. The subject states that he was a member of the Aryan Brotherhood at the time, ran a gambling game and when he approached the victim refused to speak about the debt and threatened the subject with bodily harm. The subject states he did in fact

participate in the assault, which led to the death of the victim but indicates that it was a matter of self-defense and that the court would not let the jury consider self-defense in their verdict. The subject states that the jury deliberated for 3 days before coming back with a guilty verdict and subject believes that the judge should have let the jury consider self-defense. The subject states that he's no longer affiliated with the Aryan Brotherhood and because of his cooperation he has had to be separated or housed in protective custody due to his break with that group of prisoners. The subject readily admitted that he has been in continuous custody since October 1968 except for a few days that he was on escape status from the State of Minnesota. Subject does not deny his having engaged in extremely assaultive behavior since age 16.

**Discipline:** None.

**Program Achievement:** Since subject commenced the current sentence on 6/30/95 he has served in the Bureau of Prisons at Florence ADX until 11/10/03 at which time he was transferred to the California Department of Corrections. Subject was at the Duel Vocational Institution at Tracy, CA and the California State Prison at Pelican Bay until March 2005. The subject was in protective custody at both Tracy and Pelican Bay in that the California Department of Corrections were unsure as to whether or not to place him in the population and finally was decided that the subject would be transferred to the Substance Abuse and Treatment Facility at Corcoran, CA. The subject has worked off and on as a Unit Orderly, however, he has not had any work assignments in the California Department of Corrections but he is currently in the Transitional Housing Unit. He has undergone Adult Basic Testing, has signed up for college courses and he is currently unassigned.

**Release Plans:** The subject would like to be considered for release to Corcoran, CA where his wife resides although he and his wife have discussed possible relocation to Connecticut or New Hampshire where his wife has relatives. All of subject's family reside in Minnesota and it does not appear that subject is interested in returning to Minnesota when he is released. Subject states that he currently has Hepatitis B and C, which may affect his longevity. It does not appear that any special conditions is currently warranted.

## Guideline Parameters, Evaluation & Recommendation

**Severity Justification:** Category Eight because it involved Murder.

**Salient Factor Score:** 1.

**Modifications From Prehearing:** It is noted that subject was convicted in August 1980 receiving two 10-year sentences running consecutively for assaultive being a weapon. This offense occurred in November of 1979 at USP Marion, however, the Court of Appeals acquitted subject of one count of the indictment and the US Attorney dismissed with prejudice the other thus the offense of assault and conveying a weapon is no longer a conviction and should not be used in determining the SFS. It is noted that the acquittal and dismissal of these charges do not impact the SFS.

2.20 Guideline Range: .......................... 180+ months

**Evaluation:** The subject was sentenced on 6/29/84 in the District of Kansas to serve two consecutive life sentences for First Degree Murder and Conspiracy to Commit First Degree Murder. At the time that subject and another inmate killed the victim both were serving state sentences in federal custody. The subject was serving 18 years for the State of Minnesota for extremely serious offenses and his codefendant was serving a term from the Georgia Department of Corrections. The subject was a member of the Aaron Brotherhood and both his own

statement he indicates that he was running a gambling game for the Aryan Brotherhood, the victim had lost money in the gambling game and refused to pay or even discuss the gambling debt and subject states that he acted in self-defense. Subject does not deny that he killed the victim but believes that he was unfairly treated by the court in that the court in that the court refused to let the jury consider self-defense. In addition to current federal sentence, subject previously had two 10-year sentences running consecutive for assault conveying a weapon, however, the Court of Appeals acquitted him of one count, which was the assault and the US Attorney dismissed the other count, which was conveying a weapon. The subject did receive a 1-year federal sentence for an assault on a correctional officer at USP Marion and that 1-year term was running concurrent with subject's Minnesota State. Thus the 1-year federal term was absorbed and was satisfied prior to subject commencing the present federal sentence. It appears to this examiner that subject has now been in continuous custody for 36 years 9 months 14 days except for about 2 or 3 days in escape status. The subject's prior record is extremely serious and consist of crimes against persons. The subject was committed to the Minnesota Youth Center at age 16 for Assault in 1968 and was out only 3 or 4 months before subject began committing offenses as an adult. In September 1968 the subject and a codefendant robbed a supermarket during which an employee was shot resulting in hospitalization for 25 days. The following month the subject and codefendants attempted to rob a Watch and Diamond Company and two individuals was shot and wounded. While in custody the subject attempted to escape by abducting a prison employee, attempted to escape by taking another prison employee at knifepoint and while serving a term in Minnesota the subject and another individual attempted to kill a fellow prisoner by dousing his body with inflammable substance and igniting it with a match. The subject is an extremely dangerous individual who has complete disregard for the safety of others and has not hesitated in his attempt to murder others and subject's present sentence is for the stabbing death of another prisoner.

As subject readily admitted during the course of the hearing, he was previously a member of the Aryan Brotherhood, however, subject states that he has separated himself from that group. Subject states that his separation from that group has caused considerable problems for him and he maintains that he has assisted the government with matters of prison security, national security and has cooperated with law enforcement authorities. The subject and his wife wish the Commission to consider the three-page information sheet, which outlines subject's assistance to various agencies and they are hopeful that it will result in a favorable decision for subject. This examiner pointed out to subject that under §2.63, any information regarding cooperation must come from the head of the agency, such as the warden of the institution, the US Attorney, the District Attorney or some other high ranking official and the nature and extent of subject's cooperation must warrant consideration. The subject was advised that he would need to have persons or agencies that he assisted write a letter to the USPC outlining subject's cooperation and this examiner notes that any reward for cooperation must be tempered with the threats of the community subject poses if released.

The subject does qualify for designation as an Original Jurisdiction Case based upon 2.17(b)(4)-length of term being 45-years or more (subject is serving two life terms consecutively). This examiner is not recommending that subject be designated as Original Jurisdiction and the other criteria for designation as Original Jurisdiction do not appear applicable.

The subject has now served 121 months or 10 years 1 month and subject has guidelines of 180+ months. This examiner is recommending that the subject be given the maximum continuance of a 15-Year Reconsideration Hearing. Based upon the extremely assaultive criminal history that subject has compiled in the community and in the institution. Subject has taken one life and it is extremely fortunate a number of other victims have not lost their life during the course of robberies that subject has committed and based upon subject's assaultive behavior in prison both against other inmates and against the staff. This examiner believes that the longest continuance

permitted by the USPC regulations should be imposed in this case for the protection of society because to release subject to the community would put others at high and unnecessary risk.

**Recommendation:** Continue to a 15-Year Reconsideration Hearing in July 2020.

**Conditions:**

**Statutory Interim Hearing:** July 2007.

**Guideline Use:** After review of all relevant factors and information presented a decision exceeding the lower limit of the applicable of Category Eight by more than 48 months is warranted because you have an ongoing serious record of assaultive behavior dating back to age 16. Your assaultive behavior includes the shooting and hospitalization for 25 days of a victim in September of 1968 during a Robbery, two persons shot and wounded during a Robbery in October of 1968, you attempted to abduct protective person during an escape attempt in April of 1970, you held a protective person captive at knifepoint in October of 1972, you doused another inmate with a inflammable substances and ignited his body with a match in February of 1975 and you assaulted a protective person while in federal custody. In addition, you have engaged in assaultive behavior, which has not resulted in convictions but has been found by the DHO during the service of your state sentence in federal custody and your assaultive behavior has been directed against both federal prisons and staff.

**Additional Text:** None.

[Signature]

**Executive Reviewer's Comments:**

HXD/PAH
July 29, 2005