IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GRESCHNER,

    Petitioner,

  v.

UNITED STATES PAROLE COMMISSION;
UNITED STATES BUREAU OF PRISONS; KEN
CLARK, Warden,

    Respondents.
_____/

No. CV 06-0295 CW HC

ORDER DENYING
PETITION FOR WRIT OF
HABEAS CORPUS

Petitioner John Greschner, a federal prisoner currently incarcerated at the California State Prison in Corcoran, California, filed this pro se petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the denial of parole at his July 26, 2005 hearing before the United States Parole Commission (Commission) and the failure of the United States Bureau of Prisons (BOP) to award him credit on his federal sentence for time served on his state sentence. Respondents oppose the petition. Having read all the papers filed by the parties, the Court denies the petition.

PDF created with pdfFactory trial version www.pdffactory.com

BACKGROUND

In 1984, Petitioner was charged in a two-count federal indictment in the District of Kansas with first degree murder and conspiracy to commit murder. The indictment resulted from Petitioner's murder of another inmate on October 6, 1983, while he was confined at the United States Penitentiary at Leavenworth, Kansas, serving an eighteen-year sentence for the state of Minnesota. On June 29, 1984, Petitioner was sentenced to a term of life imprisonment on count one and life imprisonment on count two, to run consecutive to each other and both to run consecutively to his state sentence. The federal sentence commenced as of June 30, 1995. The computation of the federal sentence did not include credit for time spent in custody prior to the expiration of the Minnesota sentence on June 30, 1995. In March, 2004, Petitioner was transferred to a state facility for confinement as a federal prisoner. The United States Bureau of Prisons (BOP) remains responsible for the computation of Petitioner's sentence.

After Petitioner became eligible for parole on his federal sentence, he applied for parole consideration, and a Parole Commission hearing examiner conducted an initial parole hearing on July 26, 2005. Resp.'s Ex. 1, Summary of July 26, 2005 Hearing. Petitioner's wife appeared as Petitioner's representative, and the hearing examiner informed her that he had read a statement she had prepared for the Commission and that it would be included in Petitioner's parole file. Id. The examiner reviewed Petitioner's program achievements and release plans. Id. He also discussed Petitioner's criminal record and noted that he had been in custody

2

PDF created with pdfFactory trial version www.pdffactory.com

for committing violent crimes since October, 1968, except for a few days when he had escaped from custody. Id. The examiner noted that Petitioner and his wife wanted the Commission to consider Petitioner's written information outlining his assistance to various law enforcement agencies and that they were hopeful that this would result in a favorable decision for Petitioner. Id. In his report, the examiner noted that he told Petitioner that under § 2.63,[1] any information regarding cooperation must come from the head of the agency, such as the warden of the institution, the United States Attorney, the District Attorney or some other high ranking official. Id. The examiner advised Petitioner to have officials of the agencies he had assisted write letters to the Commission outlining his cooperation but explained that any reward for cooperation would be tempered with the threat he posed to the public safety if released. Id. The examiner concluded that, based on Petitioner's offense conduct and violent criminal history, he should be denied parole and continued to a fifteen-year reconsideration hearing. Id. The Parole Commission reviewed and agreed with the examiner's decision. Resp's Ex. 2. Petitioner appealed the Commission's decision and, on October 31, 2005, the National Appeals Board affirmed the Commission's decision. Resp's. Ex. 3.

LEGAL STANDARD

A challenge to the execution of a federal sentence, e.g., parole and time credit claims, not the fact of sentence, is

---

[1] The correct regulation is 28 C.F.R. § 2.62.

PDF created with pdfFactory trial version www.pdffactory.com

properly brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984). The court may grant a petition for writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In pro se cases, the court must liberally construe the petition in determining whether the petitioner's custody is valid. <u>Tatum v. Christensen</u>, 786 F.2d 959, 963 n.4 (9th Cir. 1985).

DISCUSSION

I. Parole Decision

Citing 28 C.F.R. § 2.19, Petitioner claims that the Commission violated his constitutional due process rights because it denied him the opportunity to present favorable evidence of his cooperation with government agencies that would support his release on parole.

A prisoner has no general right to release on parole. <u>Wallace v. Christensen</u>, 802 F.2d 1539, 1550 (9th Cir. 1986) (en banc). Parole is a matter of administrative discretion. <u>Id.</u> Substantive decisions dealing with the actual granting or denial of federal parole are not reviewable even for an abuse of discretion. <u>Id.</u> at 1551. This includes judgments made by the Commission involving a broad range of factors which it takes into account in arriving at the ultimate decision to grant or deny parole. <u>Id.</u>; <u>see, e.g.</u>, <u>Delancy v. Crabtree</u>, 131 F.3d 780, 787-88 (9th Cir. 1997) (Commission's denial of application for advancement in petitioner's presumptive parole date involved exercise of judgment and therefore

4

PDF created with pdfFactory trial version www.pdffactory.com

was discretionary decision not subject to judicial review). It follows that "unless a petitioner alleges the Commission acted beyond the scope of discretion granted by Congress, a federal court has no jurisdiction to entertain his claim." Wallace, 802 F.2d at 1551. However, a court has jurisdiction to consider whether the Commission violated the Constitution. Id. at 1552. For instance, a claim that the Commission's denial of parole was so arbitrary and capricious as to violate due process could be considered. Id. at 1552-53.

Title 18 U.S.C. section 4206 provides, in relevant part:

(a) If an eligible prisoner has substantially observed the rules of the institution . . . to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare;

. . . such prisoner shall be released.

18 U.S.C. § 4206 (repealed 1987).[2]

Title 28 of the Code of Federal Regulations § 2.19 provides, in relevant part:

(a) In making a parole decision . . . the Commission shall consider, if available and relevant:

(1) Reports and recommendations which the staff of the facility in which such prisoner is confined may make;

(2) Official reports of the prisoner's prior

---

[2] Petitioner's federal sentence was computed under older statutes that have since been repealed because the commitment offense was committed before November, 1987, the effective date of the Sentencing Reform Act.

5

PDF created with pdfFactory trial version www.pdffactory.com

```
     criminal record . . .;

         (3) Pre-sentence investigation reports;

     . . . .

     (b)(1) There shall also be taken into consideration such
     additional relevant information concerning the prisoner
     (including information submitted by the prisoner) as may
     be reasonably available. . . .
```
28 C.F.R. § 2.19

Title 28 of the Code of Federal Regulations § 2.62 provides, in relevant part:

```
     (a) The Commission may consider as a factor in the parole
     release decision-making a prisoner's assistance to law
     enforcement authorities in the prosecution of other
     offenders.

         (1) The assistance must have been an important
     factor in the investigation and/or prosecution of an
     offender other than the prisoner.  Other significant
     assistance (e.g., providing information critical to
     prison security) may also be considered.

         (2) The assistance must be reported to the
     Commission in sufficient detail to permit a full
     evaluation.  However, no promises, express or implied, as
     to a Parole Commission reward shall be given any weight
     in evaluating a recommendation for leniency.

         (3) The release of the prisoner must not threaten
     the public safety.
```
28 C.F.R. § 2.62.

Any claim that Petitioner is making about the Commission's decision to deny parole and to give him a fifteen-year reconsideration hearing is not reviewable by this Court under Wallace, 802 F.2d at 1546, 1551.  Furthermore, Petitioner's claim that the Commission did not review his information is without merit.  The examiner noted that Petitioner had submitted written information about his assistance to government agencies, but

6

PDF created with pdfFactory trial version www.pdffactory.com

advised him that, to be credible, the information would have to come directly from officials working at the agencies. This advice was in accordance with the Commission's procedures manual which provides:

> The normal indicants of reliability are (a) the report is specific as to the behavior alleged to have taken place; (b) the allegation is corroborated by established facts; and (c) the source of the allegation appears credible.

Resp.'s Ex. 10, Commission's Procedures Manual at § 2.19-06.

Petitioner's information lacked the normal indicators of reliability. Petitioner failed to provide the Commission with any substantiation or corroboration of his claims of assisting government agencies. Thus, in addition to the fact that his claims are self-serving, they lack the credibility of an official source. Contrary to Petitioner's assertion that the Commission is obliged to consider his information, the Commission's evaluation of the credibility of evidence is discretionary and is thus not subject to judicial review.

In his traverse, Petitioner contends that the Commission engaged in a cover-up of its failure to consider his information by destroying the tape recording of his parole hearing. Petitioner indicates that he requested the verbatim record of the hearing and was informed that the tape recording of the proceedings had been erased. Petitioner is correct that the Commission is required by regulation to retain a record of his hearing. See 28 C.F.R. § 2.13(f) (a full and complete record of every hearing shall be retained by the Commission; upon request, the Commission shall make such recording available to any eligible prisoner). However,

7

PDF created with pdfFactory trial version www.pdffactory.com

whether the recording of his hearing has been erased is not relevant to his claim that the Commission violated his constitutional rights by not considering his proffered information. As stated above, the determination of the reliability and relevance of the information is in the discretion of the Commission and is not subject to judicial review by this Court. Therefore, the claim is denied.

II. Credit for Time Served on State Sentence

    A. Parole Guidelines

The Guidelines for setting a presumptive parole date take the form of a grid or matrix. Wallace, 802 F.2d at 1540-41 (citing 28 C.F.R. § 2.20). On the horizontal side, the prisoner is assigned a salient factor score ranging from poor to very good based upon variables such as prior convictions, parole violations and escapes. Id. On the vertical side, the prisoner is given an offense behavior rating from one through eight based on the type of offense committed and the characteristics of the offense. Id. at 1541. The offense behavior rating and the salient factor score are correlated to arrive at a presumptive parole range. Id.

    B. Analysis

Petitioner claims that he should receive credit on his federal sentence for time he served in federal custody on his eighteen-year state sentence.[3] However, the district court imposed the federal sentence to run consecutively to his state sentence.

---

[3] The parties dispute whether this claim is exhausted. As discussed below, the Court denies this claim on its merits and does not address exhaustion.

PDF created with pdfFactory trial version www.pdffactory.com

Further, under the statute in effect at the time Petitioner was sentenced in federal court, credit for time served could be given only for time in custody for the commitment offense. See 18 U.S.C. § 3568 (repealed 1987) (the Attorney General shall give a federal inmate credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed). Therefore, Petitioner could not receive credit on his federal sentence for time served on his state sentence.

Citing 28 C.F.R. § 2.36, Petitioner argues that the Commission erroneously included infractions he committed while serving his state sentence in its calculations of his parole guideline -- the presumptive length of time he must serve before he is likely to be paroled -- and that this requires that he be given credit towards his parole date for his state sentence. Petitioner provides no authority for his theory that § 2.36 requires this result.

Section 2.36, entitled "Rescission Guidelines," specifies the time to be added to the original presumptive date of parole for any disciplinary infraction committed by a prisoner during any period of confinement that is credited to his current sentence. This means that the infractions Petitioner committed while serving his state sentence could not be used to calculate the parole guideline range because they occurred prior to the commencement of his federal sentence.

In his report, the examiner specifically stated that the infractions Petitioner committed while serving his state sentence were not used to determine his salient factor score. Id. at 2.

9

PDF created with pdfFactory trial version www.pdffactory.com

The examiner noted that, even without these infractions, Petitioner's salient factor score remained at one, the lowest rating.

Petitioner points to a clause in § 2.36 which states that "credit shall be given for . . . any time spent in custody on a new offense that has not been credited towards service of the original presumptive or effective date." However, this does not help Petitioner because he spent no additional time in custody on a new offense.

The examiner did mention the infractions at issue in the section of his report entitled, "Guideline Use," as the last in a series of assaults committed by Petitioner. The examiner stated that

> you have an ongoing serious record of assaultive behavior dating back to age 16. Your assaultive behavior includes the shooting and hospitalization for 25 days of a victim in September of 1968 during a Robbery, two persons shot and wounded during a Robbery in October of 1968, you attempted to abduct protective person during an escape attempt in April of 1970, you held a protective person captive at knife-point in October of 1972, you doused another inmate with a [sic] inflammable substances and ignited his body with a match in February of 1975 and you assaulted a protective person while in federal custody. In addition, you have engaged in assaultive behavior, which has not resulted in conviction but has been found by the DHO [disciplinary hearing officer] during the service of your state sentence in federal custody and your assaultive behavior has been directed against both federal prisons and staff.

July 26, 2005 Hearing Summary at 4.

As Respondents explain, 28 C.F.R. § 2.20 requires the Commission to identify aggravating factors for decisions involving

10

PDF created with pdfFactory trial version www.pdffactory.com

offenses rated as category eight, as was Petitioner's, setting the next parole review date more than forty-eight months past the lower limit of the guideline range, which is 100 months. Because the examiner determined Petitioner's parole eligibility should not be reviewed for 180 months, it was necessary for him to indicate the aggravating factors to support this decision. Even if the examiner erred in considering the infractions Petitioner committed while serving his state sentence, because the list of Petitioner's assaultive behavior is so extensive, striking these infractions would not have changed the examiner's conclusion that "the longest continuance permitted by the USPC regulations should be imposed in this case for the protection of society because to release subject to the community would put others at high and unnecessary risk." July 29, 2005 Hearing Summary at 4.

Furthermore, under 18 U.S.C. § 4206 (repealed) and 28 C.F.R. § 2.19, it was proper for the Commission to consider Petitioner's entire disciplinary record in prison and his conduct in the community to determine his suitability for release on parole.

Under 18 U.S.C. § 4206(d) (repealed 1987), in effect at the time Petitioner was sentenced, any prisoner serving a sentence of life, who was not released earlier, shall be released on parole after serving thirty years on each consecutive life term. Because Petitioner is serving two consecutive life sentences, his mandatory parole date is 2055, sixty years after he began serving his federal sentence. See July 25, 2005 Hearing Summary at 1. Petitioner has no right to parole any earlier than this date.

For all these reasons, this claim is denied.

11

PDF created with pdfFactory trial version www.pdffactory.com

CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated 3/24/09

CLAUDIA WILKEN
United States District Judge

12

PDF created with pdfFactory trial version www.pdffactory.com